Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 332 | **DATE** | 11/26/2002 |
| **CASE TITLE** | Lucky Irorere vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner's Motion for Issuance of a Certificate of Appealability is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 27 2002 | 39 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CV | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 02 NOV 26 PM 5:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUCKY IRORERE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 01 C 332

Hon. Harry D. Leinenweber

DOCKETED
NOV 27 2002

## MEMORANDUM OPINION AND ORDER

On February 18, 1999, Petitioner Lucky Irorere (the "Petitioner") was convicted of (i) importing heroin in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 and (ii) conspiring to import heroin in violation of 21 U.S.C. §§ 952(a) and 963 and 18 U.S.C. § 2. On October 6, 1999, Petitioner was sentenced to 100 months imprisonment. On January 17, 2001, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which the Court denied on September 25, 2002. Presently before the Court is Petitioner's motion for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253. For the following reasons, Petitioner's motion is denied.

## CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability (a "COA") in order to appeal a final order denying a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.



28 U.S.C. § 2253(c)(1)(B). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000), the Supreme Court set forth the methodology to be used in evaluating a request for a COA. Where a district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where a district court has rejected a petitioner's constitutional claims "on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

It bears emphasis at the outset that "there are three types of issues that a section 2255 motion *cannot* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as

actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)(emphasis in original).

## DISCUSSION

Petitioner seeks a COA as to the following issues: (1) whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel and, relatedly, whether this Court failed to "properly evaluate and address" all of Petitioner's allegations in connection therewith; (2) whether Petitioner was denied his Fifth Amendment right to procedural due process; (3) whether this Court "should have addressed and/or otherwise resolved Petitioner's ground one as to defect on [sic] form and constructive [sic] of indictment"; (4) whether this Court "should have addressed and/or otherwise resolved Petitioner's ground eight concerning the issue of the district court's violation of Petitioner's due process right to a fair trial"; and (5) whether this Court should have "granted an evidentiary hearing based upon allegations raised in [Petitioner's] § 2255 [petition]."

### *Ineffective Assistance of Counsel*

Petitioner contends that he suffered ineffective assistance of counsel at trial in violation of the Sixth Amendment. Petitioner sets forth a number of particularized allegations (including, inter alia, failure to object to prosecutorial misconduct, failure to challenge indictment and failure to move for mistrial) that, by his lights, amounted to a violation of his rights under the Sixth

Amendment. To make such a showing, Petitioner would be required to prove, under the standards articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), that (i) his "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (ii) "there is a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different," *id.* at 694.

The mass of evidence supporting Petitioner's guilt in his underlying criminal case – including videotape of Petitioner taking possession of the heroin and Petitioner's post-arrest admission that he had traveled to Chicago to "pick up the drugs that David [Onaro] sent from Thailand" – shows beyond peradventure that a better performance by Petitioner's counsel would not have affected the outcome at trial. *See Williams v. Davis*, 301 F.3d 625, 631-32 (7th Cir. 2002). To the extent the Court's ruling in this regard was not made explicit in its previous disposition of Petitioner's § 2255 petition, *see Irorere v. United States*, 2002 WL 31133281 (N.D. Ill. Sept. 25, 2002), the Court hereby clarifies that opinion and order to include it.

Because the Court does not believe that reasonable jurists would find its assessment of Petitioner's Sixth Amendment claim "debatable or wrong," *Slack,* 529 U.S. at 484, the Court denies Petitioner's request for a COA as to this claim.

### Due Process

Petitioner next asserts that this Court's "granting of repeated expansions of [the] time" within which the government was required to respond to his § 2255 petition worked a denial of his right to procedural due process under the Fifth Amendment. This argument is meritless for two reasons. First, Petitioner failed to raise this argument on direct appeal and has made no allegations demonstrating good cause for this failure or the suffering of any non-trivial prejudice. Second, under Federal Rule of Civil Procedure 6(b), district courts have wide discretion to grant or deny a party's requests for time extensions. *See Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1030 (7th Cir. 1998). The allowance of extensions of time to respond in this case did not exceed the scope of the Court's case-management power, nor certainly did it even come close to raising the specter of a denial of procedural due process.

The Court does not believe that "jurists of reason would find it debatable," *Slack,* 529 U.S. at 484, whether Petitioner's due process claim has been waived for failure to raise it on direct appeal, and the Court accordingly denies Petitioner's request for a COA as to this claim.

### Grounds 1 and 8

Petitioner also suggests, without any argument, that the Court failed to address grounds one and eight in his § 2255 motion that

(i) he was denied due process because his indictment was defective (facially and on account of, inter alia, an alleged constructive amendment) and (ii) he was generally denied due process at trial (based on, inter alia, allegedly defective jury instructions, prosecutorial misconduct, use of a defective indictment, and admission of a particular out-of-court statement). Petitioner procedurally defaulted all of these due process claims -- they could have been previously raised on direct appeal and Petitioner has demonstrated neither good cause for his failure to have done so nor any resulting prejudice.

The Court does not believe that "jurists of reason would find it debatable whether [the Court is] correct in [this] procedural ruling," *Slack,* 529 U.S. at 484, and therefore denies Petitioner's request for a COA as to these due process claims.

### *Evidentiary Hearing*

Lastly, Petitioner claims that this Court should have held an evidentiary hearing to assist its evaluation of his § 2255 petition. First, the decision whether to hold an evidentiary hearing is committed to the discretion of a district court. *See Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001). The Court previously concluded that Petitioner's § 2255 petition lacks merit and was well-able to reach that conclusion without holding an evidentiary hearing. Second, whether or not the Court held an evidentiary hearing has no bearing on the question whether

Petitioner is presently entitled to a COA. The Court's answer to that question turns solely on its determination whether Petitioner has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), in his underlying criminal proceeding. For the reasons expressed above, the Court holds that Petitioner has failed to do so.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion for Issuance of a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: November 26, 2002